# Northumberland County Commissioners' Petition

*Frederick E. Lark*, for petitioners.

CUMMINGS, P. J., November 20, 1945.—Petitioners, Leroy Thomas, Ray M. Leffler and James F. Kelley, Commissioners of Northumberland County, Pa., have presented to the court a petition praying for a rule to show cause why a decree should not be made that the properties set forth in said petition be sold freed and cleared of all tax claims, mortgages, charges, and estates. The petition requests that Nell Frantz, A. J. Ancerawicz, Stanley H. Raup, Schuylkill Mining Company, Great Anthracite Coal Company, Tower Coal

Company, Schuylkill Trust Company, Northumberland County Institutional District, Township of Zerbe, and School District of the Township of Zerbe be made respondents in the said proceeding.

This court takes judicial notice of those proceedings now pending before the court in which the same lands are involved as those set forth in said petition. All of the lands set forth in the petition are involved in the equity case now pending to no. 774 in equity in this court. In that proceeding a receiver for these lands has been appointed and is now acting as such and an injunction has been issued to restrain persons without authority from mining coal upon these lands which are owned by the County of Northumberland. It is contended in the said bill in equity that Leroy Thomas, Ray M. Leffler and James F. Kelley, Commissioners of Northumberland County, Pa., have "committed a breach of trust in their handling of coal lands in Zerbe Township, which were purchased for unpaid taxes by Northumberland County at county treasurer's sales in that they have permitted their agent, to wit, the county mining engineer, to illegally obtain moneys directly and indirectly from the mining and removal of coal and timber from said lands . . ." The equity side of this court has taken charge of the entire controversy arising out of these lands and until that matter is concluded this court is of the opinion that it is not permitted to entertain the present petition for the sale of these lands.

There are also two other proceedings now pending before this court in which these same lands set forth in the present petition are involved. On October 26, 1945, appeals were allowed from the 1945 and 1946 assessments on these and other coal lands in Zerbe Township which had been purchased by the county commissioners at county treasurer's sale for unpaid taxes. These appeals were taken by the School District of

Zerbe Township and the Township of Zerbe, which municipal subdivisions are also plaintiffs in said equity proceedings. The appeals from the 1945 assessments of said lands are now pending in this court to no. 222, December term, 1945, and the appeals from the 1946 assessments of the said lands are now pending in this court to no. 223, December term, 1945. In said appeals from said assessments it is alleged that the county commissioners on February 15, 1945, lowered the valuations on coal lands in Zerbe Township, purchased by the county as aforesaid, from $1,076,310 to $280,480 or a reduction of $795,830 in said valuations. It is therein contended by petitioners in said appeals from said assessments that such action of the county commissioners was unlawful and that the statutory procedure with reference to assessments was not followed and no notice was given of the action or intended action of the county commissioners in lowering said assessments. The petition filed to no. 222, December term, 1945, alleges:

"That the said assessment is a fraud on the rights of your petitioners in that it was made by the said County Commissioners sitting as a Board of Assessment and Revision of Taxes without appeal to said Board by anyone and without knowledge or notice to your petitioners and it affected lands in which the County Mining Engineer, who submitted the said new and revised valuation and assessment to the County Commissioners on February 15, 1945, was interested either directly or indirectly, and in which the County Solicitor was also interested either directly or indirectly."

The petition also recites that after said reductions were made in said valuations the commissioners permitted various individuals and coal companies, to wit, H. Marshall Reinhardt, Webster Yocum, North Line Coal Company, West Line Coal Company, and Steam

Coals, Inc., to redeem a portion of said lands by the payment of the 1945 taxes as reduced and one fifth of the back taxes, and that the petitioners were "prejudiced by the acceptance of such redemptions by the county commissioners based upon the new and revised valuations for the year 1945 on the said properties so redeemed".

On page 139 of the minute book of the county commissioners of Northumberland County, sitting as a board of revision of taxes, is set forth the minutes and resolution of February 15, 1945 (see Exhibit "B" attached to appeal from 1945 assessments of coal lands in Zerbe Township filed to no. 222, December term, 1945). The said minutes read as follows:

"Mining Engineer Harry Reinhardt submitted new and revised valuations for the year 1945 on all coal lands sold at Tax Sales now in the hands of the County Commissioners. These valuations submitted by Engineer Reinhardt were approved on motion of Mr. Thomas, seconded by Mr. Leffler. The motion carried unanimously. The revised valuations follow: . . .

"Page 146

"ZERBE TOWNSHIP . . .
"Grand total $280,480.00."

According to the allegations of the bill in equity filed to no. 774 in equity, Harry F. Reinhardt, county mining engineer, was personally interested in these same lands and was the real owner of the lands in the name of his son, H. Marshal Reinhardt and his employe, Webster Yocum. According to the allegations of the said bill he was also interested in the lands owned by the West Line Coal Company. According to the allegations of the said bill, the county solicitor, Frederick Lark, was interested in the lands of North Line Coal Company.

According to the allegations of said bill in equity and the said appeals from the assessments for the years

1945 and 1946, for the same lands, all of which proceedings involved, inter alia, the same lands as those set forth in this petition to sell free of the mortgage, Harry F. Reinhardt, county mining engineer, is the county official who submitted the new and revised valuations for the same coal lands in which he was personally interested since they were owned by him through his son and his employe and a corporation in which he was the owner of some stock and in which he was an officer.

There was no apparent reason for reducing the assessments on the coal lands owned by the corporation in which Harry F. Reinhardt, county mining engineer, was a stockholder and officer, according to the bill in equity, which were reduced, according to the assessment appeal, on September 17, 1945 (after the filing of the bill in equity on September 14, 1945), from $214,685 to $35,075 or a difference of $179,610, and the lands ostensibly owned by H. Marshall Reinhardt, son of Harry F. Reinhardt, county mining engineer, from $50,265 to $12,135 or a difference of $38,130, when the other taxpayers in Zerbe Township received no similar or proportionate reduction.

If the position taken by the county commissioners in the presentation of their petition to sell is based upon proper statutory authority, and if they have complied with all the requirements of the statutes, there is no reason why they waited from April 29, 1945 (the expiration of the two-year period from the purchase of these properties by the county commissioners on April 29, 1943), until after the bill in equity was filed on September 14, 1945, to present their petition to sell the lands free of the mortgage if their only interest was to protect the taxpayers of Northumberland County.

According to the allegations of the bill in equity the representatives of the Zerbe Township School District

on March 26, 1945, called to the attention of the president of the Northumberland County Commissioners, Leroy Thomas, and the solicitor, Frederick E. Lark, Esq., that Harry F. Reinhardt, county mining engineer, was collecting royalties on the coal lands in Zerbe Township which had been purchased by the county commissioners and which are the same lands that are now sought to be sold free of the mortgage. According to the allegations of the bill the reply at that time of Leroy Thomas, president of the Northumberland County Commissioners was that a "thorough" investigation of such charges had been made and that there was "absolutely nothing to the fact that royalties were being collected on these lands".

The petition for sale, free of the mortgage, comprises portions of both the Henry Himmelreich tract and the Zimmerman and Heller tract in Zerbe Township. In paragraph 44 C of the bill in equity it appears that Edward Bush conveyed these and other lands to H. Marshall Reinhardt by deed dated January 21, 1941, and recorded in deed book 304, page 25, on January 8, 1945. The petition for sale, free of the mortgage, includes portions of the Thomas Hamilton tract and the Thomas Grant tract in Zerbe Township. Paragraph 44 A(b) of the bill in equity recites that these and other tracts were purchased by H. Marshall Reinhardt, son of Harry F. Reinhardt, county mining engineer, from the B. R. B. Coal Company (which the bill in equity alleges was comprised of Harry F. Reinhardt, county mining engineer; John J. Boback, former county commissioner, and Joseph Barke, former bartender for the said John J. Boback), by deed dated August 23, 1944, but not recorded until January 8, 1945, in deed book 287, page 227.

The various allegations and contentions of the bill in equity and the appeals from the assessments involving these same lands are so intimately connected with

the present proceeding and so seriously involve the very county officials who are now seeking the sale of the said lands, that no action should be taken on this petition until the final adjudication of the said bill in equity and the appeals from the assessments.

The amount of assessment placed upon coal lands is important to any prospective purchaser and until the matter of said two assessment appeals involving the lands of the present petition for sale is finally concluded, this court is of the opinion that it is not permitted to entertain the present petition for the sale of these lands.

The petition for sale presented to this court does not recite any act of assembly under which it is filed and the court has no power to decree the sale of a property free of a mortgage in the absence of a specific statutory authorization. The proposed order of court attached to the petition requests the service of the rule upon the parties be made in the manner provided by the Act of May 29, 1931, P. L. 280, as reënacted and amended by the Act of May 21, 1943, P. L. 364. The most recent act on the subject is Act of May 24, 1945, P. L. 945.

The petition for sale discloses that the properties involved were, inter alia, those purchased by the County Commissioners at county treasurer's sale held April 29, 1943, for unpaid taxes. That sale was returned by the county treasurer to no. 89, September term, 1943, on June 8, 1943, and was confirmed nisi on that date and was later confirmed absolutely on September 8, 1943. The treasurer's deeds for the same are filed in the prothonotary's office in treasurer's deed book, 1943, from pages 71 to 88 both inclusive (see exhibit attached to bill in equity to no. 774 in equity in this court). A comparison of the tracts purchased by the county on April 29, 1943, as set forth in said treasurer's deeds and the tracts set forth in the petition for present sale free of the mortgage dis-

closes that the total number of acres now proposed to be sold are not the same as those purchased by the county on April 29, 1943. The comparisons are as follows:

| Name of Tract | Number of Acres Advertised by County Treasurer and Purchased by County Commissioners | Number of Acres Proposed to Be Sold by County Commissioners Free of Mortgage |
|---|---|---|
| James M. Bailey | 165 acres | 165 acres |
| Zimmerman and Heller | 23 | 23 |
| Isaac Zeigler | 82 | 60 |
| Henry Yoxtheimer | 50 | 50 |
| Michael Kroll (Krall) | 69 | 69 |
| Peter Sassaman | 203 | 198 |
| George Prince | 89 | 45.6 |
| John G. Martin | 12 | 12 |
| Peter Maurer | 163 | 163 |
| John Cowden | 103 | 64.6 |
| William Gray | 91 | 91 |
| John Berger | 9 | 9 |
| John Martin | 5 | 5 |
| Henry Himmelreich | 90 | 46 |
| Thomas Grant | 489 | 135 |
| Thomas Hamilton | 87 | 72 |

The Act of 1945 provides that the county commissioners may sell free of their respective mortgages "any such lands" now owned by the county. The petition presented gives no description of the lands proposed to be sold except by warrantee name and number of acres. The prospective purchaser will have no knowledge of the lands upon which he is bidding except to check the warrantee name and number of acres in the treasurer's deed book. If he should do so he would find, for example, that the county bought the Isaac Zeigler tract in Zerbe Township at 82 acres and now seeks to sell that Isaac Ziegler tract aforesaid as 60 acres freed of the mortgage. How would the pur-

chaser know what part of the 82 acres he was buying and how would the mortgagee know what part of the Isaac Zeigler tract was free of the mortgage and what part was still subject to the mortgage? There is no explanation given for the difference in acreage and no description by metes and bounds of what part of the 82 acres is to be sold. When the Act of 1945 declared that "any such lands" could be sold free of the mortgage it meant the lands as purchased intact by the county commissioners at county treasurer's sale. It did not mean an undescribed and undetermined part of the same. No prospective purchaser would consider bidding for land under such uncertainties.

The county purchased the Thomas Grant tract for 489 acres and now petitions to sell 135 acres of the same. Paragraph 57 of the bill in equity filed to no. 774 in equity recites that the full amount of the taxes was bid at an upset sale for this tract of 489 acres on August 20, 1945, but the sale was continued by the county commissioners although under the act they could only continue the sale if the full amount of the upset price was *not* bid at the same. The Act of 1945 allows the county commissioners to seek to sell those properties free of the mortgage for which the upset price has *not* been bid. On the present state of the record this court should not entertain a petition to sell this tract of land free of the mortgage.

The petition now presented to the court sets forth the mortgages against the lands proposed to be sold. Every one of the tracts is subject to a blanket mortgage of the Philadelphia and Reading Coal and Iron Company to Central Union Trust Company of New York, Trustee, dated January 2, 1924, and recorded March 28, 1924, in mortgage book 118, page 153, which mortgage was supplemented by Philadelphia and Reading Coal and Iron Company, by retiring trustee, to Schuylkill Trust Company, Successor Trustee, dated December 30, 1944, and recorded January 11, 1945, in

mortgage book 174, page 272. Reference to said mortgages discloses that the tracts are described by their warrantee names.

The Act of 1945, supra, if that is the act under which the petition is presented, only permits the county commissioners to ask for the sale of real property "freed and cleared of their *respective* mortgages" (italics supplied). This means a mortgage on the particular piece of ground sold by the county treasurer and bought by the county commissioners. It does not cover a situation like the present one where a large mortgage of several million dollars on many coal tracts in the county can be affected. To interpret the Act of 1945 otherwise would cast an unfair burden on the mortgagee and mortgagor. If the act had made some provision for an apportionment of the total mortgage to each tract of land involved before the sale free of the mortgage, then the discharge of the mortgage pro tanto would not cast an unfair burden on the remaining tracts which are still subject to the mortgage. But the act is silent in this regard and in addition limits the power to discharge mortgages to "their respective mortgages". The court is therefore of the opinion that it has no power to act on this petition because of the fact that the mortgage involved, which amounts to $24,344,700, covers more than one tract and in fact covers many more tracts than those set forth in the petition.

If the allegations in the bill in equity filed to no. 774 in equity in this court are sustained by the proofs in the case, the county commissioners, who are the petitioners in this petition, have violated their duty to the County of Northumberland and have mishandled the very coal lands involved in this petition. If guilty of the matters with which they are charged in said bill in equity, they should not be permitted in any way to escape the penalty for their actions. The situation as

to these lands should remain in its present status and the county commissioners should not be allowed to sell these coal lands out from under a mortgage of $24,344,700 until the pending equity litigation and the pending assessment appeals as to these lands have been finally adjudicated. By that time the receiver appointed by this court may have collected enough royalties to total the unpaid taxes on some of these tracts, and if that event takes place, it may be doubtful if the court can decree a sale free of the mortgage when the amount of unpaid taxes have been collected by such receiver.

It appears to the court that this petition to sell these lands free of the mortgage is an effort on the part of the County Commissioners of Northumberland County to sell these lands for the ultimate benefit of some of their favorites, among others, Harry F. Reinhardt, the county mining engineer, who "engineered" the revised assessment for the year 1945 on these same lands. In the opinion of the court this petition to sell the lands free of the mortgage is not filed for the benefit of the taxpayers of Northumberland County but for the benefit (according to the bill in equity filed to no. 774 in this county) of the favored persons whose names are set forth in said bill in equity.

This court is therefore of the opinion that the petition in question must be dismissed and the rule to show cause refused.

And now, to wit, November 20, 1945, it is ordered, adjudged and decreed that the petition presented by Leroy Thomas, Ray M. Leffler and James F. Kelley, Commissioners of Northumberland County, for a rule on Nell Frantz, A. J. Ancerawicz, Stanley H. Raup, Schuylkill Mining Company, Great Anthracite Coal Company, Tower Coal Company, Schuylkill Trust Company, Northumberland County Institutional District, Township of Zerbe, and School District of the Township of Zerbe, to show cause why the properties set forth in the petition should not be sold free and clear of

their respective tax claims, mortgages, charges, and estates, is dismissed and the rule to show cause is refused for the reasons heretofore given.

All proceedings with reference to the sale of the lands enumerated in the petition shall be stayed until disposition of the bill in equity now pending in this court.

A bill is sealed and an exception noted for the petitioners.